UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAFAEL JONES, SR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:12CV01448 NAB |
| | ) |
| JEFF NORMAN, | ) |
| | ) |
| Respondent. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on Jones's submission of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner pled guilty to Harassment to Frighten or Disturb Another Person, a Class A Misdemeanor. <u>State v. Jones</u>, 0822-CR05789 (City of St. Louis Circuit Court, 2009). On July 31, 2009, the court sentenced petitioner to six months' imprisonment, with time served. According to his petition, petitioner did not file a direct appeal or a motion for postconviction relief in the state court. Having reviewed the petition, the Court finds that it should be summarily dismissed, and the Court will direct petitioner to show cause why it should not be dismissed.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

1. <u>Custody Requirement</u>

District courts have jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The custody requirement is fulfilled when a petitioner is in custody "under the conviction or sentence under attack at the time his petition is filed." <u>Maleng v. Cook</u>, 490 U.S. 488, 490-91 (1989). In this action, petitioner's sentence in the above criminal case necessarily would have ended prior to January 31, 2010. Where the sentence under challenge has fully expired, the custody requirement is not met. <u>Id.</u> As a result, it appears that the Court does not have jurisdiction over the petition, and the Court will direct petitioner to show cause why the action should not be dismissed for lack of jurisdiction.

2. <u>Limitations Period</u>

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or

>  laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In Missouri, the time for filing a direct appeal expires ten days after the judgment is entered. Mo. R. Civ. P. 81.04(a). If a direct appeal is not taken, the judgment is final after the ten day period expires. Id. As a result, petitioner's judgment became final on August 10, 2009, and the limitations period in § 2244(d) expired on August 10, 2010. The instant petition has been filed two years after the limitations period expired, and therefore, it is time-barred as well.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order why this action should not be dismissed for the reasons stated above.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this Order, the Court will dismiss this action without further proceedings.

So Ordered this 27th day of August, 2012.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE